### CENTRAL NAT. BANK OF OKMULGEE v. BOARD OF COUNTY COM'RS OF CHEROKEE COUNTY.

No. 22733.    Sept 25, 1935.

Vance & Bliss, for plaintiff in error.

Bruce L. Keenan and Sanford Martin, Co. Atty., for defendant in error.

RILEY, J. This is an appeal from a judgment in favor of defendant in an action commenced by plaintiff in error, plaintiff below, on a warrant issued by order of the county commissioners to Creek Motor Company, or order, for $786.85, purporting to be for rental on a tractor, and payable out of funds provided for the township of Peggs for the fiscal year ending June 30, 1926. Said warrant was registered June 7, 1926, and endorsed "Funds not available to pay same."

The petition is in the usual form. However, there is no allegation that the warrant was issued against and was within an appropriation made for the purpose mentioned in the warrant for the fiscal year ending June 30, 1926.

The defendant answered by general denial, and further alleged that the purported warrant was not based upon a valid, legal, and subsisting claim, and that the board of county commissioners had no authority or jurisdiction to issue, or cause said purported warrant to be issued, and that said warrant is illegal, void, and of no effect.

A jury was waived and the cause was tried to the court.

At the close of plaintiff's evidence defendant demurred thereto.

The journal entry of judgment is in part:

"Both parties announced ready for trial and the plaintiff proceeded to present his evidence, and at the close thereof rested his case. The defendant thereupon demurred to

the evidence of plaintiff for the reason that it was insufficient to warrant a judgment against the defendant.

"From the evidence the court finds that the subject-matter sued upon herein, and the instrument in writing introduced as evidence, finds no authority of law and is therefore void and not binding upon the defendant, and for such reason the demurrer of defendant is sustained, with the costs of the action taxed to plaintiff."

Motion for new trial was filed and overruled and plaintiff appeals.

Plaintiff introduced the warrant in evidence and proved its ownership thereof. Thereby it made a prima facie case. Upon cross-examination the county attorney sought to show by the witness who testified for plaintiff that the transaction for which the warrant was issued was in fact one of sale of a tractor by the Creek Motor Company to the county, apparently upon the theory that the warrant was issued in part payment for a tractor, the balance of which was to be paid in installments running over a period of some three years, and that such a transaction would be void as incurring an indebtedness prohibited by law without a vote of the people. In this he had little success. However, he did obtain an admission that the tractor was sold the county by a Mr. H. G. Pine, whereas the warrant showed that it was issued "For Rental on Tractor." The witness, however, insisted that the agreement with the county whereby it received the tractor and under which the warrant was issued was a lease rather than a sale contract.

Upon inquiry by the court it developed that the agreement was in writing.

The witness, however, insisted upon further cross-examination that there was no agreement to deliver the tractor to the county after certain deferred payments were made. Thereupon, plaintiff, in connection with further direct examination of the witness, had the agreement in question identified by the witness, and it was introduced in evidence. Said agreement by its terms was nothing more nor less than a straight-out rental or lease agreement whereby the Creek Motor Company agreed to deliver and lease or rent to Cherokee county "one five-ton caterpillar tractor, complete with regular equipment," for a time commencing about April 26, 1926, and ending June 30, 1926, for which the county agreed to pay the sum of $750, on or before May 10, 1926, out of the current revenues of the county for that fiscal year. Clause 4 thereof reads:

"It being the intention of the parties hereto for first party to give to second party, a lease for the balance of the fiscal year, terminating June 30, 1926, of the property described in paragraph one hereof, provided the payments, as herein stated, are made to the first party, and as stated herein, only for such time as covered in this contract, but in no event for a longer period of time than June 30, 1926."

The agreement recites that it is executed by H. G. Pine, secretary of the motor company, and J. D. Wade and Asa Manson, commissioners of the county. It was signed by the two county commissioners, but not by Pine.

Bill of lading for shipment of the tractor was introduced in evidence showing prepayment of freight in the sum of $112.50.

The testimony of the witness in identification and explanation of the agreement was in part:

"Mr. Vance: Q. I will ask you to state what that is? A. That is a lease selling them a five-ton tractor. Q. Is that the lease, or a copy of it, pursuant to which this warrant was drawn under? * * * Q. Is that the tractor connected with this lease contract just introduced in evidence, marked exhibit B? A. Yes. * * * Q. According to this lease contract the use of this tractor was to be paid for in more than one payment? A. Yes, sir. Q. Does this warrant here represent the first two or other payments? A. It represents the first payment. Q. I will ask you whether or not the county has paid the other payments? A. Yes. Q. And payments subsequent to this payment? A. Yes. Mr. Vance: That is all. The Court: Q. Mr. Ogg, what became of the tractor, if you know? A. No, I don't know. Q. What became of it after the end of June, 1926? A. Well, they continued to use it and continued paying for it. I don't recall how many other payments were made on it, but figuring this as a payment the other payment made paid out the amount the tractor should have brought as sold through the contracts and when the last payment became due on it— the company furnishing it, or handling it,— turn the tractor over to the county."

The contention of plaintiff is that when it introduced the warrant and proved its ownership thereof, it made a prima facie case, and that it was error to sustain defendant's demurrer to the evidence.

A number of cases are cited holding in substance that a municipal warrant is prima facie evidence of the validity of the claim for which it was issued, and that upon a suit upon such warrant the burden shifts to the municipality defending to establish by

competent evidence the invalidity of such claim. This is, as a general proposition, true. Had plaintiff rested upon the warrant and proof of ownership, it would have been in a better position to invoke the rule. When it went farther and introduced the contract or agreement under which the warrant was issued and the testimony above in connection therewith, it, in effect, destroyed the prima facie case it had already made. From the evidence as a whole there is practically no escape from the conclusion that the so-called rental or lease agreement was but a subterfuge to cover a transaction which all the parties knew was illegal. That is the sale to the county of a tractor to be paid for in part at least in "future fiscal year or years." That is to create an indebtedness in excess of the revenue provided for the purchase of machinery for that fiscal year. This was evidently the view taken by the trial court. Furthermore, there is, from the record so made, no reason or justification for making the warrant payable out of funds provided for the township of Peggs. Furthermore, it appears that the so-called agreement was entered into after chapter 49, S. L. 1925, was enacted, and while section 1 thereof was in force.

The agreement introduced in evidence by plaintiff shows upon its face, failure to comply with said section by presenting the agreement to the officer whose duty it was to keep the appropriation and expenditure records of the county, and to have same signed and certified by him as required by said section. That failure to comply with said section renders the contract invalid is no longer open to question.

While the latter question is not raised by either party, the invalidity of the agreement as pointed out would preclude recovery if a new trial were ordered.

The judgment is affirmed.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.